UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| BRIAN ALBERT HAGEDORN | | CIVIL ACTION |
|---|---|---|
| VERSUS | | NUMBER:   16-16919 |
| BARACK OBAMA, ET AL. | | SECTION:   "F" (3) |

REPORT AND RECOMMENDATION

On December 20, 2017, *pro se* plaintiff Brian Albert Hagedorn filed the above-captioned matter in this Court in which he sues 18 defendants – from Barack Obama to numerous federal and state agencies and individuals – for military-grade monitoring and surveillance.  He alleges ruination of life, liberty, and happiness.  He alleges that defendants have violated his civil rights.  Hagedorn seeks injunctive relief – in the form of a cease-and-desist order – and monetary damages in the amount of $750 million. Construing Hagedorn's complaint liberally – as it must – this Court assumes that he sues the one state defendant under 42 U.S.C. § 1983 and the federal defendants under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

On December 13, 2016, this Court ordered Hagedorn to show cause by January 16, 2017 why this case should not be summarily dismissed for lack of subject-matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B)(i-iii).  [Doc. #3].  In short, this Court ordered Hagedorn to address the issues of qualified and/or absolute immunity, his failure to comply with Federal Rule of Civil Procedure 8, and whether venue was proper in this district.  [*Id.*].   Hagedorn complied with the order, [Doc. #6], and filed two amended complaints.  [Doc. ##8 & 10].

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous.   Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
>
>           \*  \*  \*
>
>   (B) the action or appeal –
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). In plain language, Section 1915 requires dismissal if the Court is satisfied that the case fails to state a claim on which relief may be granted.[1]

"District courts have broad discretion in determining whether a complaint filed IFP is frivolous so as to warrant dismissal." *Neals v. Norwood,* 59 F.3d 530, 532 (5th Cir.1995). In making that determination, a district court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Macias v. Raul A. (Unknown), Badge No. 153,* 23 F.3d 94, 97 (5th Cir.1994). The United States Supreme Court has held:

> [A] court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992) (internal quotation marks and citations omitted).

This Court has no hesitation in finding that the instant complaint rises to that level and that it should be dismissed as factually frivolous. A reading of the response to the rule to show cause

---

[1] *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact).

2

and of the two amended complaints reveals the following allegations:

1. Hagedorn came under the watch of the federal government under the "Safe Neighborhoods" program.

2. After Hagedorn started a working relationship with the Federal Bureau of Investigation ("FBI"), defendants retaliated against him, his family, and friends in the form of "fear, blackmail and sexual assault."

3. When Hagedorn saw an unknown Hispanic person driving his stepfather's car, he informed the Clackamas County Sheriff's Office, who promptly arrested him for no legal reason.

4. Beginning in 2011, Hagedorn came under the surveillance of the "Anti-terror (PSYOP) watch of the Obama administration, who gave him the codename "Bullrun," which codename was leaked as a member of the "NSA Spy Program."

5. Since that time, Hagedorn has found numerous online pornography links and videos of family and friends, including his ex-girlfriend Corrina Crum, of whom he has forced rape videos on his cell phone.[2]

6. Hagedorn has received threats to the Obama administration and now the Trump administration from the United States military branches. He has informed the administrations of these threats but they have done nothing about them.

7. Hagedorn's family is being held hostage by the United States military branches, who do not allow them to have contact with him.

---

[2] Hagedorn's cell phone was stolen when he arrived at the New Orleans bus station.

8. His family has been forced into "pornography, alleged child pornography, and sexual acts."

9. After cooperating with the FBI, his close relation and ex-girlfriend Crum "lost her job, was split from her family, forced into prostitution and pornography, and forced to do illegal drugs." Crum is not allowed to call Hagedorn or even visit him in person. Hagedorn has discovered over 100 pornography videos of Crum on the internet, which pornographic acts caused a pregnant Crum to lose a child.[3]

10. The Obama administration continues to force Crum to visit "an 18th Street member by the handle of 'Casper,' at the Clackamas County Jail, one of her rapists, and possibly the same rapist who got her pregnant."

11. The United States now has "the capability to read peoples [sic] minds using anti-terror tools and technology. They also have the capability to remote view audio and video remotely through peoples [sic] thoughts and eyes/vision, just like a television."

In addition, the complaints reveal that Hagedorn has harassed numerous federal agencies, all of whom have asked him to stop. Hagedorn recently moved to New Orleans, where the surveillance continued from Arizona on his Greyhound bus ride. (Apparently, this move occurred at approximately the same time that the Court issued a show-cause order in which it ordered Hagedorn to brief why the lawsuit should not be dismissed for improper venue because he lived

---

[2] From the exhibits attached to Hagedorn's own complaints, it appears that Crum is doing fine with her husband and three children. She currently has a restraining order against Hagedorn, which the Obama administration forced her to file.

4

in Oregon.) Hagedorn also alleges that he is in the same position as the shooter at the Fort Lauderdale airport, who asked for help from the government (as Hagedorn is doing), and, because he did not receive it, did what he did.

The Court notes that defendants have yet to be served in this lawsuit, but this Court need not wait for service to be effected. "A district court may dismiss an IFP proceeding for frivolousness . . . at any time, before or after service of process and before or after the defendant's answer." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). It is true that, in close cases, a district court "should permit the claim to proceed at least to the point where responsive pleadings are required." *Neitzke*, 490 U.S. at 323. This, however, is not a close case. Because "there is indisputably absent any factual or legal basis for the wrong asserted in the complaint," immediate dismissal is appropriate. *See id.* (internal quotation marks omitted). Moreover, because the complaint is frivolous, dismissal with prejudice is appropriate. *See Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir.1997). Courts have dismissed claims like these as frivolous on numerous occasions. *See, e.g., Flores v. United States Attorney General*, 434 Fed. App'x 387 (5th Cir. 2011) (dismissing allegations that the federal government was using satellites to beam a genetic code to infect the plaintiff with a virus; *Delgadillo v. Texas Violent Gang Task Force*, 134 Fed. App'x 741 (5th Cir. 2005) (dismissing allegations that the plaintiff was "being harmed by electroconvulsive treatments, laser rays, and other forms of radiation through computer monitoring as part of the Gang Renouncement and Disassociation (GRAD) Process); *Johnson v. Drug Enforcement Agency*, 137 Fed App'x 780 (5th Cir. 2005) (dismissing allegations that the plaintiff was being "exploited by 'wealthy persons' from Europe and Asia who have sought to 'clone [his] spiritual persona' and 'remov[e] [his] Reproductive Fluids"). Accordingly,

**IT IS RECOMMENDED** that this lawsuit be dismissed with prejudice.[4]

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 27th day of January, 2017.

*[signature: Daniel E. Knowles, III]*

**UNITED STATES MAGISTRATE JUDGE**

---

[4] The Court notes that its review of PACER reveals that Hagedorn has filed three other lawsuits in Oregon federal courts, all dismissed with prejudice as frivolous.